■ ILENE MIALS et al., Appellants, v LEILA DOREEN MILLINGTON et al., Respondents. [973 NYS2d 331]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated April 4, 2013, as denied that branch of their motion which was, in effect, for summary judgment on the first cause of action to the extent that it was to compel the defendant Leila Doreen Millington to relinquish any right, title, and interest in two specified parcels of real property.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In June 1996 the plaintiff Ilene Mials (hereinafter Ilene) and her husband transferred title to a parcel of real property to their daughter, the plaintiff Toni Mials (hereinafter Toni), and Ilene transferred title to a separate parcel of property to Toni. In December 2004, Toni transferred title to those properties to Ilene and Ilene's friend, the defendant Leila Doreen Millington.

In August 2012 the plaintiffs commenced this action against, among others, Millington, seeking, inter alia, to recover damages for fraud and to compel Millington to relinquish any right, title, and interest in the subject properties. The plaintiffs alleged that the transfer of title in December 2004 was based on false promises by Millington. The plaintiffs then moved, inter alia, in effect, for summary judgment on the first cause of action, which alleged fraud, to the extent that it was for a direction that Millington relinquish any right, title, and interest in the properties. In an order dated April 4, 2013, the Supreme Court denied that branch of the plaintiffs' motion

Contrary to the plaintiffs' contention, they failed to establish their prima facie entitlement to judgment as a matter of law on the subject branch of the motion, as they failed to submit any evidence showing that Ilene did not execute the deed conveying title to the properties in December 2004, or that Millington induced the transfer of title with false promises as alleged in the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Since the plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter of law, there is no need to consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was, in effect, for summary judgment on the first cause of action to the extent that is was to compel Millington to relinquish any right, title, and interest in the subject properties. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.